UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEIGH WOLF,

    Plaintiff,

v.                                                        Case No:  2:12-cv-318-FtM-38CM

MHW CONSTRUCTORS, INC.,

    Defendant.
_____/

### **ORDER**[1]

This matter comes before the Court on Defendant MHW Constructors, Inc.'s Motion to Tax Costs (Doc. #79) filed on August 7, 2014.  In conjunction with the motion, Defendant has provided a Bill of Costs and other exhibits (Doc. #79-1).  Plaintiff Leigh Wolf has not filed a response, and the time to do so has expired.  Thus, this matter is ripe for review.

On July 25, 2014, the Court granted Defendant's Motion for Summary Judgment. (Doc. #76).  Five days later, the Court entered final judgment in favor of Defendant and against Plaintiff.  (Doc. #77).  As the prevailing party, Defendant now seeks taxation of reasonable costs and expenses under 28 U.S.C. § 1920.

Under Rule 54(d) of the Federal Rules of Civil Procedure, a prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their website. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

statute. Fed. R. Civ. P. 54(d)(1). In 28 U.S.C. § 1920, Congress expanded on what specific costs are recoverable under Rule 54(d); such recoverable costs include fees for "the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case" and "exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920 (2), (4). Awarding costs under § 1920 resides within the Court's sound discretion. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 440-44 (1987); Monelus v. Tocodrian, Inc., 609 F. Supp. 2d 1328, 1332-33 (S.D. Fla. 2009). The Court, however, has no discretion to award those costs not enumerated. See EEOC v. W & O, Inc., 213 F.3d 600, 620 (11th Cir. 2000).

Here, Defendant seeks to recover $3,163.76 for deposition transcripts and photocopying fees. (Doc. #79-1 at 1). The Court will address each requested cost in turn.

1. Fees for deposition transcripts

Defendant seeks to recover $2,836.16 for "printed or electronically recorded transcripts necessarily obtained for use in the case" under § 1920(2). (Doc. #79-1 at 1); see Peeler v. KVH Indus., No. 8:12-cv-1584, 2014 U.S. Dist. LEXIS 81540, at *10-*11 (M.D. Fla. June 16, 2014) ("Fees to the Court Reporter for transcripts necessarily obtained for use in the case are indeed taxable costs under § 1920. This includes deposition costs." (citation omitted)). In particular, Plaintiff seeks costs for the depositions of Plaintiff, Larry Laws, Shon Fandrich, Blair Lavoie, and Michael Holt. (Doc. #79-1 at 3-8). Since these depositions were filed with the Court and cited to by all parties, the Court finds they were necessarily obtained to litigate this case.

The shipping costs related to these depositions, however, are not taxable under § 1920(2). See Awwad v. Largo Med. Ctr., Inc., No. 8:11-cv-1638-T-24TBM, 2013 WL 6198856, at *4 (M.D. Fla. Nov. 27, 2013). As such, the Court reduces the requested deposition transcripts fees by $35.00, which reflects the shipping fees for Plaintiff's and Blair Lavoie's deposition transcripts. (Doc. #79-1 at 3, 7). Moreover, the invoice for Plaintiff's deposition transcript reflects a $121.21 late fee, which is also not taxable. (Doc. #79-1 at 3); see Palma v. Safe Hurricane Shutters, Inc. 895 F. Supp. 2d 1268, 1274 (S.D. Fla. 2012) (deducting from the taxation of costs "late charges billed to the Defendants based upon the Defendants' failure to timely pay the invoices associated with depositions transcripts"). The Court, therefore, awards Defendant $2,681.95 for the costs associated with deposition transcripts.[2]

2. <u>Fees for photocopies</u>

Next, Defendant seeks to recover $327.60 "for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" under 28 U.S.C. § 1920(4). (Doc. #79-1 at 1). Since Plaintiff does not oppose the reasonableness of the requested fees, the Court grants Defendant these costs.[3]

Accordingly, it is now

**ORDERED:**

---

[2] Defendant requests $2,836.16 in deposition transcript fees. (Doc. #79-1 at 1). According to the Court's calculation of the invoices submitted, however, Defendant actually paid $2,838.16. The Court, therefore, bases its taxation of costs for the deposition transcripts based on its calculation of the fees.

[3] In seeking photocopying costs, Defendant neither identified the documents copied nor provided information regarding the purpose of the copies charged. See Perkins v. Tolen, No. 3:10-cv-851-J-37TEM, 2012 WL 3244512, at *2 (M.D. Fla. July 31, 2012) (stating, because "the prevailing party *alone* knows the purpose of the copies . . . the prevailing party *must* provide information regarding the purpose of the copies charged so that the Court may address the relevant factual issues. . . . " (internal quotations omitted) (emphasis in original)). Although Defendant's inattention gives the Court pause, Plaintiff's lack of opposition to the requested fees for photocopies quells the Court's concern regarding the reasonableness and necessity of their use in the case and therefore will allow reimbursement for those fees.

Defendant MHW Constructors, Inc.'s Motion to Tax Costs ([Doc. #79](Doc. #79)) is **GRANTED** to the extent Defendant is taxed costs and expenses totaling **$3,009.55**.

**DONE** and **ORDERED** in Fort Myers, Florida this 8th day of October, 2014.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record